GOODWIN PROCTER LLP
Patrick S. Thompson (State Bar No. 160804)
pthompson@goodwinprocter.com
Robert B. Bader (State Bar No. 218098)
rbader@goodwinprocter.com
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041

Attorneys for Defendant
QUICKEN LOANS INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROVIDENT FUNDING ASSOCIATES, L.P., <br><br> *Plaintiff,* <br><br> v. <br><br> QUICKEN LOANS INC., and DOES 1 through 20, <br><br> *Defendants.* | Case No. C-07-5680 JCS <br><br> **QUICKEN LOANS' ANSWER TO PROVIDENT'S COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF WRITTEN CONTRACT** <br><br> **DEMAND FOR JURY TRIAL** |

QUICKEN LOANS INC. ("Quicken Loans") hereby answers and otherwise responds to the Complaint for Declaratory Relief and Breach of Written Contract filed by Plaintiff PROVIDENT FUNDING ASSOCIATES, L.P. ("Provident").

**"COMMON ALLEGATIONS"**

1.  Quicken Loans admits that Provident is a California limited partnership.

2.  Quicken Loans admits that Quicken Loans Inc. is a Michigan corporation.

3.  Quicken Loans lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, and therefore denies all the allegations of Paragraph 3.

**Goodwin Procter LLP**
**Three Embarcadero Center, 24th Floor**
**San Francisco, California 94111**

1   4.   Quicken Loans admits that Provident and Quicken Loans entered into a Correspondent Seller Agreement ("Agreement") and that a copy is attached as Exhibit 1 to the Complaint. Further answering Paragraph 4, Quicken Loans avers that the Agreement speaks for itself.

5.   Quicken Loans avers that the Agreement speaks for itself. To the extent a further response is required, Quicken Loans denies the allegations in Paragraph 5.

6.   Quicken Loans avers that the Agreement speaks for itself. To the extent a further response is required, Quicken Loans denies the allegations in Paragraph 6.

7.   Quicken Loans lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, and therefore denies all the allegations of Paragraph 7.

8.   Quicken Loans admits that it sold mortgage loans to Provident pursuant to the Agreement. Quicken Loans avers that the Agreement speaks for itself. Quicken Loans further denies that there were many early payment defaults in connection with some of the mortgage loans Quicken Loans sold to Provident. Quicken Loans denies all other allegations of Paragraph 8.

9.   Paragraph 9 states conclusions of law as to which no response is required. To the extent a response is required, Quicken Loans denies the allegations in Paragraph 9.

10.   Quicken Loans lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, and therefore denies the allegations of Paragraph 10. Quicken Loans specifically denies that Provident has sustained damages.

11.   Quicken Loans admits that Provident gave notice of certain alleged defaults to Quicken Loans and demanded that Quicken Loans repurchase certain of the mortgage loans and indemnify Provident as to other mortgage loans. Quicken Loans further admits that Exhibit 2 of the Complaint is a schedule of mortgage loans, and avers that the document speaks for itself. Quicken Loans admits that Exhibit 3 of the Complaint is a schedule of mortgage loans, and avers that the document speaks for itself. The remaining allegations of Paragraph 11 state conclusions of law as to

1  which no response is required. To the extent a response is required, Quicken Loans denies the
2  remaining allegations in Paragraph 11.

### "FIRST CAUSE OF ACTION

### (For Declaratory Relief)"

12. Paragraph 12 states conclusions of law as to which no response is required. To the extent a response is required, Quicken Loans denies the allegations in Paragraph 12.

13. Quicken Loans admits the allegations of Paragraph 13.

14. Paragraph 14 states conclusions of law as to which no response is required. To the extent a response is required, Quicken Loans denies all allegations.

### "SECOND CAUSE OF ACTION

### (For Breach of Written Contract)"

15. Paragraph 15 states conclusions of law as to which no response is required. To the extent a response is required, Quicken Loans avers all allegations. Further answering, Quicken Loans states that the Agreement speaks for itself.

16. Paragraph 16 states conclusions of law as to which no response is required. To the extent a response is required, Quicken Loans denies all allegations.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each allegation contained in it, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred by the applicable statute of limitations, by the doctrine of laches, and/or by other equitable doctrines.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are barred by release, estoppel, waiver, and/or other equitable doctrines.

**Goodwin Procter LLP**
**Three Embarcadero Center, 24th Floor**
**San Francisco, California 94111**

*Provident Funding Associates, L.P. v. Quicken Loans Inc., et al.* - ANSWER
CASE NO. C-07-5680 JCS
LIBA/1843340.2

**FOURTH AFFIRMATIVE DEFENSE**

4.  Plaintiffs' damages, if any, were caused, in whole or in part, by their own conduct or by the conduct of their agents.

**FIFTH AFFIRMATIVE DEFENSE**

5.  Plaintiff has failed to make reasonable efforts to mitigate its damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

6.  Quicken Loans will rely upon such other and further defenses as may become apparent during the course of this action.

WHEREFORE, Quicken Loans prays as follows:

1.  That the action shall be dismissed with prejudice, and that Provident shall be awarded nothing on its Complaint;

2.  That judgment shall be entered in favor of Quicken Loans and against Provident on all causes of action alleged in the Complaint;

3.  That the Court shall award Quicken Loans its attorneys' fees and all other costs reasonably incurred in the defense of this action; and

4.  That the Court shall award such other relief that it deems just and proper.

**JURY DEMAND**

Quicken Loans hereby demands a jury trial on all issues so triable.

Dated: January 7, 2008        GOODWIN PROCTER LLP
                              Patrick S. Thompson
                              pthompson@goodwinprocter.com
                              Robert B. Bader
                              rbader@goodwinprocter.com
                              Three Embarcadero Center, 24th Floor
                              San Francisco, California  94111
                              Telephone: (415) 733-6000
                              Facsimile: (415) 677-9041


                              By __/s/ Robert B. Bader_

                              Attorneys for Defendant
                              QUICKEN LOANS, INC.

Goodwin Procter LLP
Three Embarcadero Center, 24th Floor
San Francisco, California 94111