HOGAN & HARTSON LLP
Neil R. O'Hanlon, SBN 67018
nrohanlon@hhlaw.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

Attorneys for Plaintiff Provident Funding Associates, L.P.

GOODWIN PROCTER LLP
Patrick S. Thompson, SBN 160804
pthompson@goodwinprocter.com
Robert B. Bader, SBN 218098
rbader@goodwinprocter.com
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041

Attorneys for Defendant Quicken Loans, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROVIDENT FUNDING ASSOCIATES, L.P., | Case No. C-07-5680 JCS |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| QUICKEN LOANS INC., and DOES 1 through 20, | Magistrate Judge: Hon. Joseph C. Spero |
| Defendants. | DATE: February 15, 2008 TIME: 1:30 P.M. PLACE: Courtroom A |

Plaintiff Provident Funding Associates, L.P. ("Provident Funding") and

Defendant Quicken Loans Inc. ("Quicken Loans") hereby submit the following

Joint Case Management Statement pursuant to Rule 26(f) of the Federal Rules of

Civil Procedure and Civil Local Rule 16-9(a):

1.    Jurisdiction and Service:  This Court has subject matter jurisdiction

under 28 U.S.C. § 1332(a), and the action was removed by Quicken Loans pursuant

1    JOINT CASE MANAGEMENT STATEMENT

\\LA - 098259/000026 - 375235 v1

1    to 28 U.S.C. § 1441(b). The amount in controversy as alleged by Provident

2    Funding exceeds the sum of $75,000, exclusive of interest and costs. No issues

3    exist regarding personal jurisdiction or venue, and no parties remain to be served.

4        2.    Facts: On or about October 1, 2006 Provident Funding and Quicken

5    Loans entered into and executed a written Correspondent Seller Agreement (the

6    "Agreement"), pursuant to which Quicken Loans agreed to originate mortgage

7    loans and sell them to Provident Funding. A copy of the Agreement is attached to

8    the Complaint as Exhibit 1. Pursuant to the Agreement, Quicken Loans made

9    certain representations and warranties concerning the mortgage loans to be sold by

10    it to Provident Funding. Quicken Loans also agreed to repurchase any mortgage

11    loans sold to Provident Funding upon receipt of written notice from Provident

12    Funding of certain events and circumstances, including without limitation certain

13    early payment defaults by borrowers.

14        Provident Funding contends that Quicken Loans is in default of its

15    obligations under the Agreement as a result of its failure and refusal to (i)

16    repurchase certain mortgage loans and (ii) indemnify and hold harmless Provident

17    Funding for the life of other mortgage loans from any damages that it may incur.

18    Provident Funding contends that there were numerous early payment defaults by

19    borrowers, as a result of which Provident Funding will be required either to (i)

20    repurchase the mortgage loans from the investors to whom Provident has resold

21    such mortgage loans, or (ii) indemnify and hold harmless the investors for the life

22    of the mortgage loans from any damages or losses that the investors may

23    subsequently incur. The Complaint identifies 67 loans in this category. Provident

24    also contends that other mortgage loans have defects that constitute material

25    breaches of representations and warranties made by Quicken Loans pursuant to the

26    Agreement and require repurchase by Quicken Loans. The Complaint identifies 7

27    such loans.

28

1    Quicken Loans denies liability and contends that the loans Provident Funding

2   has identified do not present a risk of financial loss to Provident Funding, and/or do

3   not have defects that constitute material breaches of Quicken Loans'

4   representations and warranties under the Agreement.

5    3.    <u>Legal Issues</u>:  Provident Funding contends that it is entitled to

6   declaratory relief as to the defaults of Quicken Loans under the Agreement and has

7   also sued for damages, in an amount not presently known, for breach of the

8   Agreement.  Quicken Loans denies that Provident Funding is entitled to declaratory

9   relief or damages.  The parties are not presently aware of any disputed points of law

10   and believe that the issues to be resolved are primarily factual in nature.

11    4.    <u>Motions</u>:  There are no prior or pending motions.  The parties

12   anticipate filing motions for summary judgment.

13    5.    <u>Amendment of Pleadings</u>:  Provident notes that since the filing of the

14   Complaint, there have been changes in the status of certain of the loans sold to it by

15   Quicken Loans.  However, Provident Funding does not believe that an amendment

16   of the Complaint is required under the circumstances.  Quicken Loans does not

17   believe that an amendment of its Answer is required.

18    6.    <u>Evidence Preservation</u>:  The parties have taken appropriate measures

19   to preserve evidence, including interdiction of any document-destruction programs

20   and any ongoing erasures of e-mails, voice mails, and other electronically-recorded

21   material.

22    7.    <u>Disclosures</u>:  The parties intend to comply fully and timely with the

23   initial disclosure requirements of Fed. R. Civ. P. 26 by no later than February 8,

24   2008, the date specified by this Court.

25    8.    <u>Discovery</u>:  No discovery has been taken to date.  The parties

26   anticipate written discovery, consisting of interrogatories, requests for admissions,

27   and requests for production of documents, followed by depositions.  Discovery will

28

be primarily focused on whether there have been defaults under loans sold by Quicken Loans to Provident Funding and what relief, if any, Provident Funding is entitled to as a result. The parties are not proposing any limitations or modifications of the discovery rules. The parties anticipate that written discovery and depositions will be completed by June 30, 2008. There is also a possibility that the parties may need to engage in expert witness discovery, primarily on the issue of damages, which would be completed by August 29, 2008.

9.    Class Actions: Not applicable.

10.    Related Cases: Not applicable.

11.    Relief: Provident Funding seeks both declaratory relief and damages for breach of the Agreement. Provident Funding is not yet able to calculate its damages, which will depend upon a variety of factors, including the extent to which Quicken Loans repurchases loans or agrees to provide an indemnity to Provident Funding. The amount of damages will also depend upon actions taken by investors who purchased the mortgage loans from Provident Funding, as well as the extent to which borrowers make required loan payments and otherwise avoid defaults that would lead to foreclosures. Quicken Loans denies that Provident Funding is entitled to the relief it seeks.

12.    Settlement and ADR: The parties have been engaged in settlement discussions. They have also stipulated to mediation pursuant to ADR L.R. 6. Provident Funding has voluntarily provided information to Quicken Loans concerning the payment history of borrowers on the subject loans. Written discovery may also be needed to establish the legal position of the parties with respect to each loan.

13.    Consent to Magistrate Judge For All Purposes: The parties have consented to have Magistrate Judge Spero conduct all further proceedings including trial and entry of judgment.

14.   Other References:  The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.   Narrowing of Issues:  The parties do not presently believe that the issues can be narrowed by agreement or by motion (other than summary judgment), do not currently have any suggestions to expedite the presentation of evidence at trial, and are not presently requesting to bifurcate issues, claims, or defenses.

16.   Expedited Schedule:  The parties do not believe that this is a type of case that can be handled on an expedited basis with streamlined procedures.

17.   Scheduling:  The parties propose that percipient witness discovery be completed by June 30, 2008, that expert witnesses be designated by July 14, 2008, and that dispositive motions be heard by September 22, 2008.  The parties also propose that the pretrial conference and trial be set depending upon this Court's availability during the fall of 2008.

18.   Trial:  Quicken Loans has requested that the case be tried to a jury. The parties are not yet able to estimate accurately the expected length of the trial, due to uncertainty as to how many loans might still be in dispute at the time of any trial.  The parties believe that the trial will not likely take longer than five days. The parties do not yet have a reliable estimate as to the number of witnesses, experts, or exhibits.

19.   Disclosure of Non-party Interested Entities or Persons:  Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  Provident Funding restates the contents of its certification as follows: "Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in

DOCUMENT PREPARED
ON RECYCLED PAPER

\\LA - 098259/000026 - 375235 v1

that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

      1.    Provident Funding Group, Inc.:  general partner;

      2.    Craig Pica:  partner/shareholder;

      3.    Doug Pica:  partner/shareholder;

      4.    Ralph Pica:  partner/shareholder;

      5.    Michelle Blake:  partner/shareholder."

Quicken Loans restates the contents of its certification as follows:  "Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

Dated:  February 8, 2008        HOGAN & HARTSON LLP

                        By  /s/  Neil R. O'Hanlon

                        Attorneys for Plaintiff Provident Funding Associates, L.P.

Dated:  February 8, 2008        GOODWIN PROCTER LLP

                        By  /s/  Robert B. Bader

                        Attorneys for Defendant Quicken Loans Inc.

\\\LA - 098259/000026 - 375235 v1